IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JUDITH MARCIA WILLIAMS,**

    Plaintiff,

vs.                                           Case No. 4:22cv463-RH-MAF

**DONALD TRUMP,**

    Defendant.

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on December 22, 2022, by submitting a civil rights complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2. Before that document could be reviewed, Plaintiff submitted two more in forma pauperis motions. ECF No. 4, 5. The first motion was sufficient to demonstrate that Plaintiff is entitled to in forma pauperis status. That motion, ECF No. 2, is granted and the successive motions are denied as moot.

Again, before the Court could review the complaint, ECF No. 1, Plaintiff submitted an amended complaint. ECF No. 6. That complaint has been reviewed.

First, Plaintiff has initiated fifteen cases in this Court since December 8, 2022. The claims in nearly every case are repetitive. Indeed, Plaintiff filed an amended complaint against former President Trump in case number 4:22cv462-MW-MAF on February 6, 2028. ECF No. 7 of that case. A Report and Recommendation, ECF No. 8, was entered on February 8th, and it was adopted, over Plaintiff's objection, ECF No. 11, on February 15, 2023. ECF No. 12. Plaintiff's case against Donald Trump has already been adjudicated and Plaintiff should, by now, be aware that her claims are insufficient.

Plaintiff sues "President Donald Trump," ECF No. 6 at 1, and lists his address as 1600 Pennsylvania Avenue - the White House. *Id.* at 3. Notably, Donald Trump no longer resides at that address.

Plaintiff indicates that she sues Mr. Trump in his individual and official capacities, *id.*, and she contends she is bringing this suit both as a *Bivens* action and under 42 U.S.C. § 1983. *Id.* at 4. The basis for her complaint is the same as presented in case 4:22cv462 - that Plaintiff requested diplomatic immunity and "was ignored." ECF No. 6 at 4. She contends that she and her former husband are disabled, that there is a "contract" on their lives by a "mafia crime boss of Illinois," and that Mr. Trump "was

aware of the entire matter and turned his back on two bi-racial royal people." *Id.* at 5. She contend they were "also refused idenity [sic] changes." *Id.* Plaintiff claims she sent Mr. Trump twelve letters, but was ignored. *Id.* at 6. Plaintiff seeks :40-50 million dollars for discrimination and ignoring a request for diplomatic immunity . . . ." *Id.* at 6.

Plaintiff's amended complaint does not present a plausible claim. Plaintiff has not shown that she has a constitutional right to diplomatic immunity or unspecified assistance. She provides no references to a statute which was violated, nor has she alleged facts to show the named Defendant caused her harm.

Moreover, Donald Trump cannot be sued under 42 U.S.C. § 1983 because he is not a "state actor." To state a claim under § 1983, "a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived [her] of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985). Plaintiff must demonstrate "both (1) that the defendant deprived her of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998)

(quoted in Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011)). Plaintiff has not met either requirement. This case should be dismissed.

Finally, Plaintiff has submitted several letters to myself and United States District Judge Mark E. Walker. ECF Nos. 7-9. Letters to a judge are not permissible. The Rules of this Court are clear - a "request for action of any kind relating to a case can never be made by a letter to a judge." N.D. Fla. Loc. R. 7.1(A). Plaintiff's letters will not be reviewed.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

2. Plaintiff's successive motions for leave to proceed in forma pauperis, ECF Nos. 4-5, are **DENIED as moot**.

3. Because letters to a judge are not permissible, Plaintiff's letters, ECF Nos. 7-9, will not be reviewed. Further letters must be returned to Plaintiff without filing.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on February 16, 2023.

    S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**